## State of Maine *vs.* Edward E. Googins.

## York.    Opinion November 9, 1916.

*Common Law rule in criminal cases as to motion after verdict.  Procedure after motion has been overruled in criminal cases.  Rule of law as to motions after verdict in criminal cases as changed by Public Laws, 1909, Chapter 184, and Public Laws, 1913, Chapter 18.*

Exceptions do not lie to the overruling of a motion for new trial in a criminal case.

Where, in a criminal case, a motion for a new trial is filed and overruled, the respondent may appeal when he has been convicted of murder, or of any offense punishable by imprisonment for life, or of any other crime amounting to a felony.

The entry upon the docket on the overruling of a motion for new trial of "Exceptions allowed" does not constitute an appeal.

Respondent was indicted, tried and found guilty of violation of Public Laws of Maine, 1913, chapter 5.  After verdict, respondent filed motion for new trial, which was overruled by the presiding Justice, and the record shows that the respondent's counsel "filed exceptions" to the ruling of the court.  Appeal not taken according to statute, case dismissed.  So ordered.

Case stated in opinion.

*Hiram Willard,* for State.

*Robert B. Seidel,* for respondent.

Sitting:  Savage, C. J., Cornish, King, Bird, Philbrook, JJ.

Bird, J.  The defendant was indicted and, upon trial, found guilty of a violation of c. 5 of the Public Laws of 1913, which prescribes punishment by imprisonment not exceeding two years, or by fine not exceeding one thousand dollars.  After conviction, defendant filed a general motion for new trial which was overruled by the presiding Justice.  The docket entries which are made part of the record sent to this court, so far as pertinent to the matter

in question are as follows: "Motion that verdict be set aside filed 20d—Motion overruled—Exceptions allowed." The record consists of copies of the motion for new trial, of the indictment and of the docket entries and a transcript of the evidence submitted to the jury. No bill of exceptions is found. But if otherwise, the case would be improperly here. At common law the action of the Judge at nisi prius upon a motion for new trial, to whom alone such motion could be addressed, was final. The defendant had the right neither to a bill of exceptions nor to an appeal. And such was the case in this State until the year, 1889. The enumeration of the cases which may come before the Law Court found in c. 79, § 46, R. S., does not include exceptions to the ruling of the trial Judge in denying a motion for new trial in a criminal case. See *State* v. *Hill,* 48 Maine, 241, 243; *State* v. *Perry,* 115 Maine, 203; *State* v. *Steeves,* 115 Maine, 220.

A right of appeal from such ruling in cases of conviction of murder or in which the sentence may be imprisonment for life was afforded by c. 152, Pub. Laws; 1889. By c. 184, Pub Laws, 1909, and c. 18, Pub. Laws, 1913, the right of appeal was extended to all other cases amounting to a felony. R. S., c. 135, § 27. In the case under consideration, however, no appeal has been taken and the case must be dismissed.

*So ordered.*